[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Seeking to have his firearm privileges restored, defendant-appellant Larry Raymer, a convicted felon, filed an "Application for Relief from Disability" under R.C. 2923.14 in the Hamilton County Court of Common Pleas on March 12, 2003. The trial court denied the application. Raymer appeals from that judgment, asserting in a single assignment of error that the trial court abused its discretion in denying his application. We disagree.
 {¶ 3} This court has previously considered an appeal by Raymer in which he asserted the same arguments after the trial court had, in an entry dated February 6, 2003, denied his first application for relief from disability.[1] In Raymer I, we affirmed the trial court's denial of the application, noting that Raymer had not "led a law-abiding life since his discharge of release" following his 1984 felony conviction. We further observed that "when Raymer filed his application [for relief from disability], his mailing address was (and still is) a federal correctional facility in Manchester, Kentucky * * * [and that] * * * R.C. 2923.131(B) provides that a person under detention at a detention facility, as defined in R.C. 2921.01(F), shall not possess a deadly weapon."[2]
 {¶ 4} Raymer's most recent application to have his firearm privileges restored, which is at issue here, does not allege any different circumstances from his earlier application; e.g., that he has been released from federal prison or has led a law-abiding life since his release from the Ohio Department of Corrections. Accordingly, we hold that the trial court did not abuse its discretion in denying Raymer's current application for relief from disability. The solitary assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Raymer (Aug. 27, 2003), 1st Dist. No. C-030210 ("Raymer I").
[2] Id.